UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY W. BRUCE and ALICE BRUCE,

    Plaintiffs,

v.                                                                    Case No: 8:17-cv-2023-T-33JSS

ALBERTELLI LAW,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion for Clerk's Default. (Dkt. 19.) Plaintiffs move for entry of clerk's default under Federal Rule of Civil Procedure 55(a) for Defendant Albertelli Law's failure to plead or otherwise defend against this action. Upon consideration, Plaintiffs' Motion for Entry of Clerk's Default is denied without prejudice as it appears that Plaintiffs failed to file proof of service.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "In order to obtain a Clerk's Default, the Plaintiff must show that the service of process was effectual upon the Defendants." *Manheim Auto. Fin. Servs., Inc. v. Info. Matrix Techs., Inc.*, No. 2:12-CV-360-FTM-29, 2012 WL 3947207, at *1 (M.D. Fla. Sept. 10, 2012). To serve a corporation, partnership, or association located in the United States, a party must serve the entity in the manner prescribed by Federal Rule of Civil Procedure 4(e)(1) for serving an individual or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—

if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1). Further, proof of service must be made to the court by the server's affidavit, except for service by a United States marshal or deputy marshal. Fed. R. Civ. P. 4(l)(1).

In this case, Plaintiff sues Albertelli Law and U.S. Bank National Association. (Dkt. 1.) Plaintiffs state that Albertelli Law was served on September 26, 2017, when a "process server delivered a copy of the summons to a person who identified herself as a person authorized to receive service." (Dkt. 19 at 4.) Plaintiffs cite to their Notice of Filing Attached Affidavits in Support of Motion for Reconsideration of Order Dated October 17, 2017. (Dkt. 19 at 4.) However, Plaintiffs do not provide an affidavit of service of Albertelli Law, but rather an email from the process server stating that the Defendant was served and an affidavit from Plaintiff Roy Bruce. (Dkt. 15 at 4.) To date, Plaintiffs have not filed the process server's affidavit as proof of service upon Albertelli Law.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Clerk's Default (Dkt. 19) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on November 6, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties