UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY W. BRUCE and ALICE BRUCE,

    Plaintiffs

v.                              Case No. 8:17-cv-2023-T-33JSS

U.S. BANK, N.A., AS TRUSTEE SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH and ALBERTELLI LAW,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants U.S. Bank, N.A., as Trustee Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-through and Albertelli Laws' Motions to Dismiss the Verified Complaint (Doc. ## 8, 27). Pro se Plaintiffs Roy Bruce and Alice Bruce have responded to the Motions. (Doc. ## 18, 29). The Court grants the Motions to Dismiss as explained below.

**I.**   **Background**

The Bruces are the owners of real property in Ruskin, Florida. (Doc. # 1 at p.5, ¶ 9). Non-party Chad Hill, a

previous owner of the property, executed a mortgage and note, which are now the subject of a separate state court mortgage foreclosure action. (Id. at p.7, ¶ 18).

The Bruces explain that Roy Bruce and Hill filed a small claims complaint against U.S. Bank in 2015. (Id. at p.3, ¶ 10). The small claims case was based on Hill's purported rescission of the loan under the Truth in Lending Act. (Doc. # 1-1 at 2). Hill's "Notice of Rescission" stated, among other things:

> This letter shall serve as my Notice of Rescission of the alleged transaction described in a Note and Mortgage dated 10/12/2004. The described transaction in the Note and Mortgage was not consummated. Pursuant to TILA and Regulation Z, you have twenty (20) days after receipt of this Notice of Rescission to return all monies paid and to take action necessary and appropriate to terminate the security interest. Please be advised that the mortgage is automatically voided by operation of law upon rescission under 15 U.S.C. § 1635(b). Therefore, any attempt to report this mortgage to a credit agency is a willful violation of TILA and the Fair Credit Reporting Act . . . . Please contact me . . . to arrange the delivery to me of all monies paid under the mortgage . . . please mail me conformation that the mortgage has been voided and that no negative information will be reported to the credit bureaus.

(Id.).

Roy Bruce and Hill were successful in obtaining a default judgment against U.S. Bank in the small claims court with respect to Fair Debt Collection Practices Act and Florida

Consumer Collection Practices Act claims, and the amount of the Judgment is $5,310. (Doc. # 1-3 at 1). U.S. Bank paid the full amount of the Judgment on June 3, 2016. (Doc. # 1 at p.3, ¶ 12). The Bruces assert that the small claims default judgment operates as a complete bar against all efforts by U.S. Bank to foreclose the note and mortgage given by Hill. The Bruces likewise assert that U.S. Bank's separate state court foreclosure action, in which U.S. Bank is represented by Albertelli Law, constitutes a violation of the FDCPA and FCCPA.

Accordingly, on August 24, 2017, the Bruces filed a three count Verified Complaint against U.S. Bank and Albertelli Law seeking (1) injunctive relief, (2) damages under the FDCPA, and (3) damages under the FCCPA. (Doc. # 1). U.S. Bank and Albertelli Law seek dismissal of the action with prejudice under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## II. Legal Standard

### A. Rule 12(b)(1), Fed. R. Civ. P.

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter

jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). On a facial challenge, the plaintiff enjoys safeguards similar to those provided in the context of a Rule 12(b)(6) motion to dismiss. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994)("[T]he non-moving party receives the same protection as it would defending against a motion brought under Rule 12(b)(6)."(internal citations omitted)). Thus, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Id.

**B.  Rule 12(b)(6), Fed. R. Civ. P.**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir.

1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Analysis

The only federal count of the Complaint is for violations of the FDCPA, which is found in Count Two. However, a claim under the FDCPA must be made within one year

5

of the alleged violation. 15 U.S.C. § 1692k(d). Here, the three letters attached to the Complaint, all bear a date from 2015. However, this case was filed on August 24, 2017. And, in response to the Court's Fast Track Scheduling Order, the Bruces filed interrogatory answers stating that the questioned communications began on "7/6/2016." (Doc. # 31). A cursory review of the Complaint leads to the determination that Count Two is time barred. See La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.").

And, in response to the Defendants' statute of limitations arguments, the Bruces merely state: "The communication that gives rise to the claims occurred within the FDCPA one year statute of limitations and within the FCCPA two years statute of limitations. The claims are therefore timely." (Doc. # 18 at 8). The Bruces' conclusory statement does not supply the Court with any information that could lead to the conclusion that the FDCPA claim is timely. The Court thus finds that the FCDCPA claim is subject to dismissal as time barred.

However, in an abundance of caution, the Court also

points out other deficiencies, which further support the dismissal of the FDCPA claim. First, the Verified Complaint does not show that the Bruces are "consumers" suffering at the hands of "debt collectors" as contemplated by the FDCPA. To be sure, the Verified Complaint employs the labels "consumer" and "debt collector" liberally. Yet, the limited factual allegations provided to the Court do not support the application of these terms. In <u>Fuller v. Becker & Poliakoff, P.A.</u>, 192 F. Supp. 2d 1361, 1366-67 (M.D. Fla. 2002), the court explained:

> Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices. The FDCPA prohibits harassing or deceptive conduct in the collection of a debt. . . . In order to prevail on a FDCPA claim, a Plaintiff must prove that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. . . . Section 1692a defines "debt" as an obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.". . . Finally, the Eleventh Circuit recognized that a debt for the purposes of the FDCPA must involve consumer transactions to be actionable.

<u>Id.</u> (internal quotation marks omitted).

The Bruces contend that the Defendants are trying to foreclose on their property. But, the Bruces do not allege that Defendants are trying to collect a debt from them.

Instead, it appears that Hill (a non-party) is the obligor under the note. In addition, U.S. Bank's action of filing a foreclosure action against Hill, with Albertelli Law acting as counsel, does not support a FDCPA claim. The Eleventh Circuit has held that the filing of a foreclosure complaint does not constitute a prohibited communication under the FDCPA. See Vega v. McKay, 351 F.3d 1334, 1336 (11th Cir. 2003); see also McNight v. Benitez, 176 F. Supp. 2d 1301, 1306-08(M.D. Fla. 2001)("[T]he purpose of the FDCPA is to curb abusive debt collection practices, not legal actions."). The Complaint and the exhibits attached thereto do not support a FDCPA case against either named Defendant. The Court dismisses the FDCPA claim.

Even though complaints by pro se plaintiffs are liberally construed, "a pro se litigant is not relieved of his obligation to allege sufficient facts to support a cognizable legal claim and the court may not rewrite a deficient pleading." Osahar v. United States Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008); Muhammad v. Bethel, 430 F. App'x 750, 752 (11th Cir. 2011)("a court may not serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action.").

Having dismissed the only federal claim in the complaint, the Court determines that it is appropriate to decline to exercise supplemental jurisdiction over any state law claims

8

that the Bruces' Complaint may attempt to array against Defendants. See 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."); see also Arnold v. Tuskegee Univ., 212 F. App'x 803, 811 (11th Cir. 2006)("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."). The state law claims are dismissed without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Defendants U.S. Bank, N.A., as Trustee Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank, National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-through and Albertelli Laws' Motions to Dismiss the Verified Complaint (Doc. ## 8, 27) are **GRANTED**.

(2) Count Two of the Complaint, for violations of the FDCPA is dismissed as time barred. The Court declines to exercise jurisdiction over the remaining state law claims and those claims are dismissed without prejudice. See

28 U.S.C. § 1367(c)(3).

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of December, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE