UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROY W. BRUCE and ALICE BRUCE,

    Plaintiffs,
v.                          Case No. 8:17-cv-2023-T-33JSS

U.S. BANK, NA., AS TRUSTEE
SUCCESSOR IN INTEREST TO BANK OF
AMERICA, NATIONAL ASSOCIATION, AS
TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK, NATIONAL ASSOCIATION,
AS TRUSTEE FOR STRUCTURED ASSET
SECURITIES CORPORATION MORTGAGE
PASS-THROUGH and ALBERTELLI LAW,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to pro se Plaintiffs Roy Bruce and Alice Bruce's Motion for Reconsideration of Order Dismissing Case (Doc. # 33), which was filed on December 26, 2017. Plaintiffs submitted their arguments in support of the Motion for Reconsideration in a separate document (Doc. # 35), filed on the same day. Defendant U.S. Bank, N.A., as Trustee Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to Lasalle Bank, National Association, As Trustee for Structured Asset Securities Corporation Mortgage Pass-through ("the Trust") filed a Response in Opposition to the Motion on January 9, 2018. (Doc. # 36). The Court denies the Motion as follows.

**I.   Legal Standard**

The Bruces' Motion, seeking reconsideration and relief from the Court's Order, will be decided under Rule 59(e) of the Federal Rules of Civil Procedure because the Motion for Reconsideration was filed within 28 days of entry of the Order. Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. Coll. of

Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." 2005 U.S. Dist. LEXIS 37718, at *9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11. (citation omitted).

## II. Analysis

The Bruces filed a three-count Complaint on August 24, 2017, seeking (1) injunctive relief, (2) damages under the Fair Debt Collection Practices Act, and (3) damages under the Florida Consumer Collection Practices Act. (Doc. # 1). Defendants, the Trust and Albertelli Law, filed motions seeking dismissal of the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. ## 8, 27). Among other arguments, the Trust argued that the FDCPA claim was time barred.

After carefully considering the parties' submissions, the Court dismissed the action. (Doc. # 32). The only federal count in the Complaint was brought under the FDCPA. The Court found that the Complaint and the attached exhibits demonstrated that the FDCPA claim was time barred by the

FDCPA's one-year statute of limitations. (Id. at 6). The Court also found that the Bruces failed to show that they were consumers protected by the FDCPA. (Id. at 8). Because the Court dismissed the only federal count, the Court declined to exercise subject matter jurisdiction over the state law claims. (Id.).

At this juncture, the Bruces move for reconsideration, request oral argument, and seek the opportunity to file an Amended Complaint. They do not claim that there has been a change in controlling law. Nor do they assert that new evidence exists, which warrants a different result. Instead, they claim that the Court held them to the same standard as attorneys, even though they are pro se litigants. However, they do not present a single convincing argument in support of the proposition that the sole federal claim is timely. This Court is obligated to dismiss time-barred claims regardless of whether they are brought by attorneys or non-attorneys. Dismissal on statute of limitations grounds under Rule 12 is appropriate when "it is apparent from the face of the complaint that the claim is time-bared." La Grasta v. First Union Sec. Inc., 358 F.3d 840, 845 (11th Cir. 2004).

In analyzing the Bruces' claims, the Court recognized:
Even though complaints by pro se plaintiffs are

4

> liberally construed, "a pro se litigant is not relieved of his obligation to allege sufficient facts to support a cognizable legal claim and the court may not rewrite a deficient pleading." <u>Osahar v. United States Postal Serv.</u>, 297 F. App'x 863, 864 (11th Cir. 2008); <u>Muhammad v. Bethel</u>, 430 F. App'x 750, 752 (11th Cir. 2011)("a court may not serve as de facto counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action.").

(Doc. # 32 at 8). Here, the Court did not hold the pro se Plaintiffs to the same standard as attorneys, but rather, liberally construed the Complaint and found that the sole federal count was subject to dismissal. The Bruces acknowledge that courts are not required to provide leave to amend where it is apparent that the complaint could not be saved by amendment. See <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1310 (11th Cir. 2007). Granting leave to amend would be futile if the complaint, as amended, would still be subject to dismissal. <u>Id.</u> Neither in response to the motions to dismiss nor in the Motion for Reconsideration have the Bruces explained how amendment of the Complaint could save the time-barred and legally deficient FDCPA claim. The Court therefore denies the Motion for Reconsideration.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiffs Roy Bruce and Alice Bruce's Motion for

Reconsideration of Order Dismissing Case (Doc. # 33) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of February, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE